**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| COOK COUNTY REPUBLICAN PARTY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> J.B. PRITZKER, et al. ) <br> ) <br> Defendants. ) | Case No.: 20-cv-04676 <br><br> Hon. Robert M. Dow, Jr. |

**DEFENDANT ILLINOIS STATE BOARD OF ELECTIONS' RESPONSE TO
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Defendants, William J. Cadigan, Katherine S. O'Brien, Laura K. Donahue, Casandra B. Watson, Ian K. Linnabary, Charles W. Scholz, William R. Haine, and William M. McGuffage (collectively "State Board Defendants"), submit the following memorandum in response to Plaintiff's motion for preliminary injunction. (Dkts. 5, 6.)

**INTRODUCTION**

Months after the passage of Public Act 101-0642, Plaintiff Cook County Republican Party filed suit against multiple defendants alleging that the recently passed law violates the fundamental right to vote guaranteed by the First and Fourteenth Amendments of the United States Constitution and various provisions of the Illinois Constitution. Plaintiff asserts that in order to avoid these purported deprivations of voters' fundamental right to vote, it is entitled to the entry of an order enjoining almost the entirety of P.A. 101-0642. (Dkt. 6, at 16.) But Plaintiff has failed to meet its burden to establish its entitlement to the drastic remedy of a preliminary injunction, and, accordingly, its motion should be denied.

Case: 1:20-cv-04676 Document #: 47 Filed: 09/04/20 Page 2 of 8 PageID #:270

As an initial matter, Plaintiff's claims that P.A. 101-0642 violates the Illinois Constitution are barred by the Eleventh Amendment and should be dismissed. Additionally, Plaintiff's request for entry of a preliminary injunction should be dismissed for several reasons. *First*, Plaintiff is not entitled to injunctive relief because it is unlikely to succeed on the merits of its claim: P.A. 101-0642 places no restrictions on an individual's ability to vote that Plaintiff has identified, and therefore poses no burden. Accordingly, the *Anderson-Burdick* test is inapplicable and P.A. 101-0642 is not unconstitutional under this test. In addition, Plaintiff has submitted no evidence that supports its claims of potential rampant voter fraud due to P.A. 101-0642, and therefore has failed to meet its burden. *Second*, given Plaintiff's request for such sweeping relief just weeks before the September 24th statutory commencement of vote by mail ballot mailing, the hardship to defendants and potentially to voters across the state far outweighs the burden to Plaintiff. Essentially, Plaintiff requests far-reaching changes to the Election Code on the eve of a major election, despite the fact that federal courts have warned against granting such relief. And *third*, the public interest is not furthered by Plaintiff's requested relief.

**LEGAL STANDARD**

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original); *see also Boucher v. Sch. Bd. of Sch. Dist. of Greenfield*, 134 F.3d 821, 823 (7th Cir. 1998) (same); *see also Roland Mach. Co. v. Dresser Indus.*, 749 F.2d 380, 389 (7th Cir. 1984). For such drastic relief to be granted, "a plaintiff must show three things: (1) without such relief, he will suffer irreparable harm before his claim is finally resolved; (2) he has no adequate remedy at law; and (3) he has some likelihood of success on the merits." *Harlan v. Scholz*, 866 F.3d 754, 758 (7th Cir. 2017). If plaintiff can make this minimum showing, the court must still "weigh the harm the plaintiff will suffer without an

2

injunction against the harm the defendant will suffer with one." *Id.* The court must also consider whether granting a preliminary injunction is in the public interest. *Id.* The court "must balance the competing claims of injury and must consider the effect on each party of granting or withholding the requested relief," paying "particular regard for the public consequences in employing the extraordinary remedy of injunction." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24 (2008).

## ARGUMENT

### I. Any Claim that Public Act 101-0642 Violates the Illinois Constitution Is Barred by the Eleventh Amendment.

The Eleventh Amendment shields states from any suit in law or equity commenced by an individual to which the state does not consent. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). A suit against a state official in his or her official capacity is a suit against the state for purposes of the Eleventh Amendment and is barred unless one of three limited exceptions applies: (1) where Congress validly abrogates a State's immunity from suit; (2) where the State consents to suit in federal court; and (3) when the suit is within the parameters enumerated by the Supreme Court in *Ex parte Young*, 209 U.S. 123 (1908). *Power v. Summers*, 226 F.3d 815, 817–18 (7th Cir. 2000); *see also Council 31 of the American Fed. of State, County, and Mun. Employees, AFL-CIO v. Quinn*, 680 F.3d 875, 882 (7th Cir. 2012).

The *Ex Parte Young* exception to immunity only applies where there is a threatened or ongoing violation of *federal* law by a state official. *Vickery v. Jones*, 100 F.3d 1334, 1346 (7th Cir. 1996). Plaintiff's state constitutional claims, therefore, do not fall within the *Ex parte Young* exception and do not allow for a suit against state officials in federal court. Thus, Plaintiff is prohibited from bringing any claims that the State Board Defendants violated the Illinois Constitution in federal court.

## II. Plaintiff Cannot Show It Is Entitled to Its Requested Relief.

### A. Plaintiff Is Unlikely to Succeed on Its First and Fourteenth Amendment Claims.

When evaluating whether a state election law infringes upon a First Amendment right, courts apply the balancing test derived from *Anderson v. Celebrezze*, 460 U.S. 780 (1983), *Burdick v. Takushi,* 504 U.S. 428 (1992), and *Timmons v. Twin Cities Area New Party,* 520 U.S. 351 (1997). Under this test, courts weigh the "character and magnitude" of the burden imposed by the State's rule against the interests the State contends justify the burden. Regulations imposing severe burdens on plaintiffs' rights must be narrowly tailored and advance a compelling state interest. "But when a state election law provision imposes only reasonable, nondiscriminatory restrictions upon the First and Fourteenth Amendment rights of voters, the State's important regulatory interests are generally sufficient to justify the restrictions." *Burdick*, 504 U.S. at 434 (internal citations and quotation marks omitted). In assessing the "character and magnitude" of the asserted injury, the Court must evaluate the alleged burden not "in isolation, but within the context of the state's overall scheme of election regulations." *Lerman v. Board of Elections in City of New York,* 232 F.3d 135, 145 (2d Cir. 2000). The *Anderson-Burdick* test forecloses the "substitution of judicial judgment for legislative judgment" when examining election laws. *Luft v. Evers*, 963 F.3d 665, 671 (7th Cir. 2020).

There is a glaring issue with Plaintiff's reliance on *Anderson-Burdick* to advance its cause: Plaintiff has not identified any *restriction* created by P.A. 101-0642 that infringes a First Amendment right. On the contrary, Plaintiff appears to contend that hypothetical voters' rights are violated by the lack of restrictions in P.A. 101-0642, which—Plaintiff speculates—will invariably lead to significant voter fraud.

4

As ample case law demonstrates, it is only "when voting rights have been severely restricted must states have compelling interests and narrowly tailored rules." *Luft*, 963 F.3d at 672. Here, Plaintiff attempts to turn *Anderson-Burdick* on its head by arguing that removing barriers to voting creates a tremendous injury. But even a cursory review of a case such as *Nader v. Keith*, 385 F.3d 729 (7th Cir. 2004), reveals that concerns about voter fraud were used to justify *restrictions* on ballot access. 385 F.3d at 731 (suit challenged provisions of election law requiring an independent candidate to obtain nominating signatures from at least 25,000 qualified voters, requiring the address on each petition to be the address at which the petitioner is registered to voter, and requiring the petitions to be submitted at least 134 days before the election). Tellingly, Plaintiff has not cited a case in which *Anderson-Burdick* was employed in the absence of an alleged restriction on the right to vote. In sum, Plaintiff points to no restriction that poses a burden on an individual's ability to vote, confirming that *Anderson-Burden* is inapposite here.

Yet even if *Anderson-Burdick* were somehow applicable, Plaintiff has failed to produce sufficient evidence that the "character and magnitude of the asserted injury in this case is tremendous." (Dkt. 6, at 7.) Rather, Plaintiff relies on news articles discussing isolated incidences of voter fraud dating back to 2005, a report of the Commission on Federal Election Reform from 2005, and speculation to support its claims. Plaintiff has not submitted evidence of voter fraud affecting elections in Illinois that would warrant a radical remedy such as a preliminary injunction—despite the fact that, as Plaintiff admits, "Illinois voters could already request an absentee ballot under prior law with no reason required." (Dkt. 6, at 2.) Plaintiff's other arguments regarding the requirement that election judges be unanimous in deciding to count a vote by mail ballot, and the provision expanding the election-day holiday, are wholly speculative on the current

record. Thus, Plaintiff has failed to meet its substantial burden in showing its entitlement to the entry of a preliminary injunction.

For these reasons, Plaintiff cannot show it has a likelihood of success on the merits, and cannot meet the high bar necessary for the entry of a preliminary injunction.

>  **B. The Balance of Harms Weighs against the Entry of an Injunction, Especially on the Eve of the Upcoming Election, and Plaintiff's Requested Relief Is not in the Public Interest.**

In addition to Plaintiff's failure to provide evidence of irreparable harm, its requested relief would likely result in substantial burdens to the 108 election authorities across the state. Despite passage of this law months ago, Plaintiff waited until August 10, 2020, to file its motion for preliminary injunction seeking to enjoin substantial portions of this law. Simply put, Plaintiff waited too long to take action.

Pursuant to P.A. 101-0642, election authorities will begin mailing official ballots beginning September 24, 2020—less than three weeks from now. 10 ILCS 5/2B-20(a). Any electors applying for a ballot before October 1, 2020, are to receive a ballot no later than October 6, 2020. *Id.* Election authorities are to mail official ballots to electors requesting ballots after October 1, 2020, no later than 2 business days after receipt of the application. *Id.*

To enjoin P.A. 101-0642 so close to these deadlines could seriously undermine the orderliness of the upcoming election. The Illinois State Board of Elections has already enacted administrative rules implementing P.A. 101-0642. 26 Ill. Admin. Code 225.10-.30. Undoubtedly, election authorities across the state have been making arrangements to effectuate PA. 101-0642 and its implementing rules, likely expending both money and resources to do so. To upset those arrangements could require rapid alterations to planned procedures and cause disarray less than two months before the November 3, 2020 general election. Moreover, significant changes to the

Election Code at this point could result in voter confusion. *See RNC v. DNC*, --- S.Ct. ---, 2020 WL 1672702, *1 (U.S. April 6, 2020) (federal courts should ordinarily not alter election rules on the eve of an election); *see also Gjerstein v. Bd. of Election Com'rs for City of Chicago*, 791 F.2d 472, 479 (7th Cir. 1986) (federal courts should avoid unwarranted interference with the process of state government in election context).

Additionally, granting the drastic relief sought by Plaintiff here on such sparse evidence does not serve the public interest. The law Plaintiff belatedly complains of has been in place since May. Enjoining P.A. 101-0642 at this point would leave voters with fewer options to safely participate in the upcoming election, potentially discouraging participation and causing widespread voter confusion. This is especially true given the apparently large number of voters who have already requested vote by mail ballots.[1] For these reasons, Plaintiff has not met its burden and is not entitled to its requested injunctive relief.

---

[1] https://www.nbcchicago.com/news/local/chicago-politics/chicago-voters-smash-record-for-requests-to-vote-by-mail-in-november-election/2322325/ (accessed September 3, 2020)

## **CONCLUSION**

For the foregoing reasons, this Court should deny Plaintiff's motion for a preliminary injunction.

Dated: September 4, 2020

                                                             Respectfully submitted,

KWAME RAOUL
Attorney General of Illinois                  */s/ Erin Walsh*

                                                             Erin Walsh
                                                             Michael T. Dierkes
                                                             Assistant Attorneys General
                                                            Office of the Illinois Attorney General
                                                            100 West Randolph Street, 13th Floor
                                                            Chicago, Illinois 60601
                                                            (312) 814-6122/3672

                                                            Counsel for Illinois State Board of Elections Defendants